**SIGNED.**

Dated: December 19, 2008



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| Shirlene Fant Rand and Neil S. Rand, | CASE NO. 2:07-bk-06801-RJH |
| Debtors. | |
| Shirlene and Neil Rand, Debtors | |
| Movants, | |
| v. | Opinion and Order Denying Motion to Avoid Lien that Does Not Impair Homestead |
| United Auto Group, Inc., Penske Corp., Porsche North Scottsdale; George Brochick, Jon Wiggins; Lisa Maehren | |
| Respondents | |

Debtors have moved to avoid a judgment lien on their homestead pursuant to Bankruptcy Code § 522(f)(1).[1] This court finds that Arizona's protections of the debtors' homestead prevent the creditor's recorded judgment from attaching as a lien to the debtors' homestead property, even if the value of the property exceeds the cap on the value of the exemption. Because the debtors cannot avoid a lien that neither exists nor impairs the homestead exemption, the debtors' motion is denied.

**I. Factual and Procedural Background.**

Porsche Financial Services, Inc ("Porsche") obtained a judgment for attorneys' fees against the debtors, Neil and Shirlene Rand. This judgment was subsequently recorded in

---
[1] 11 U.S.C. § 522(f)(1) (2008). Except as otherwise noted, all citations to the Bankruptcy Code are to 11. U.S.C. §§ 101 *et seq.*

Maricopa County where the debtors' home is located.

Debtors filed a voluntary Chapter 11 petition and claimed a homestead exemption. At the time of filing, the debtors declared their equity[2] in the home to be $199,000. Arizona's homestead exemption is capped by a dollar limit on the value of the debtor's equity, $150,000 at the time of this action.[3] Because the declared value of the debtors' equity was $199,000, Porsche argues that its recorded judgment created a lien on the $49,000 value of the home that exceeds the cap on debtors' homestead exemption.

The debtors argue that fixing a lien on any portion of the homestead property impairs the debtors' right to fully realize any homestead exemption and post-petition property appreciation, and for that reason seek to avoid the purported lien pursuant to Code § 522(f)(1).

**II. Analysis.**

Code § 522(f)(1) allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." The exemptions a debtor is entitled to claim vary from state to state because the Code allows each state to permit debtors to choose between claiming the exemptions provided by the Bankruptcy Code or by state law, or to prohibit debtors from claiming the Bankruptcy Code exemptions.[4] Because Arizona has elected to "opt out" of the Bankruptcy Code's exemptions,[5] the determination of when a judgment lien may attach to otherwise exempt property requires an examination of Arizona law.

Arizona law provides a judgment creditor two alternative methods to collect a judgment from the value in a judgment debtor's home. The traditional method is for a judgment creditor to obtain a writ of execution that directs the executing officer, usually the sheriff, to take possession

---

[2] This is the value the debtors claimed for their home, which is not subject to any consensual mortgage or other lien.

[3] A.R.S. § 33-1101(A).

[4] 11 U.S.C. § 522(b)(2) (2008).

[5] A.R.S. § 33-1133(b).

of the judgment debtor's property, sell it, and deliver to the judgment creditor the excess proceeds of the sale after satisfaction of consensual liens.[6] Alternatively, the judgment creditor may record the judgment in the county where the debtor's real property is located, and the recorded judgment then becomes a lien that is either paid when the debtor voluntarily sells or refinances the property or when the judgment creditor obtains a judicial foreclosure sale.[7]

To protect the debtor and the debtors' family "against [the] forced sale of their home,"[8] however, Arizona law allows "[a]ny person the age of eighteen or over . . . who resides within the state" to claim "a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value."[9] This exemption means that a judgment creditor may not attach a lien or force the sale of a homestead property unless the lien or forced sale is specifically allowed by statute:

> The homestead . . . is exempt from process and from sale under a judgment or lien, except:
> 1. A consensual lien, including a mortgage or deed of trust, or contract of conveyance.
> 2. A lien for labor or materials claimed pursuant to § 33-981.
> 3. A lien for child support arrearages or spousal maintenance arrearages. An award of court order support is not a lien for the purposes of this paragraph unless on of the following applies:
>    a. An arrearage has been reduced to judgment
>    b. A lien exists pursuant to § 25-516.
>    c. The court orders a specific security interest of the property for support.
> 4. To the extent that a judgment or other lien may be satisfied from the equity of the debtor exceeding the homestead exemption under §33-1101.[10]

The issue here is whether a recorded judgment creates a lien on the value of a property claimed as a homestead to the extent that value exceeds $150,000, as Porsche argues, or whether a recorded judgment never can become a lien on property claimed as a homestead, regardless of value, as the Debtors argue. Debtors rely primarily on the language of the statute that creates a

---

[6] A.R.S. §§ 12-1551-1566.

[7] A.R.S. §§ 33-961-964.

[8] *Evans v. Young*, 135 Ariz. 447, 661 P.2d 1148, 1154 (App. Div. 1 1983).

[9] A.R.S. § 33-1101(A).

[10] A.R.S. § 33-1103(A).

3

lien upon the recording of a judgment, which expressly does not create such a lien when the real property is exempt from execution, i.e., is claimed as a homestead. This exception for homestead property is found in the same subparagraph of the statute that generally makes recorded judgments into liens on real property, A.R.S. § 33-964(A): "[F]rom and after the time of recording as provided in § 33-961, a judgment shall become a lien for a period of five years from the date it is given, on all real property of the judgment debtor except real property exempt from execution, including homestead property . . . ." Debtors argue that means there is no lien created on the real property that is claimed as a homestead, regardless of whether the value of that real property (or the debtor's equity in the property) exceeds the cap on the value that can be claimed as a homestead.

Porsche, however, relies on language in the next paragraph, A.R.S. § 33-964(B), that redundantly states there is no lien on homestead property but that also cross references an exception:

> Except as provided in § 33-1103, a recorded judgment shall not become a lien on any homestead property. Any person entitled to a homestead on real property as provided by law holds the homestead property free and clear of the judgment lien.

Porsche argues that the initial "except" clause refers to subparagraph (A)(4) of A.R.S. § 33-1103, which is an exception when "a judgment or other liens may be satisfied from the equity of the debtor exceeding the homestead exemption under § 33-1101."

Before turning to how Arizona courts have interpreted these relevant statutes, there are at least two problems with Porsche's reading of them. First, Porsche is relying on the exception found in the first sentence of paragraph B for the creation of a lien from the recording of its judgment, but it is only paragraph A that actually creates any such liens. But paragraph A does not create such a lien on "real property exempt from execution, including homestead property." If no lien is created by paragraph A, it is difficult to see how it can be created by an exception in paragraph B, which does not create any liens at all. And the limitation on the creation of judgment liens in paragraph A is not limited by either the value of a homestead exemption or even by a cross reference to a provision that references such a value limitation. Rather, the

4

limitation on the creation of judgment liens in paragraph A seems to apply to all "real property" that is exempt, regardless of whether there is a value limitation on the amount of the exemption.

Second, if Porsche's analysis were correct that the first sentence of paragraph B creates such a lien on the excess value of homestead property, it would be directly contradictory to very next sentence of the same paragraph, which clearly states that the homestead real property is held free and clear of any judgment lien, without any reference to a value limitation or a cross reference to another provision that contains such a value limitation. And, again, the second sentence of paragraph B refers to the "homestead property" and the "real property," not to the value of such property or even to the debtor's equity in such property. At a minimum, this apparent contradiction between the first and second sentences of paragraph B that arises under Porsche's analysis requires courts to attempt to find an interpretation that gives meaning to both sentences while avoiding a contradiction that renders either of them meaningless.

In *Evans*,[11] the Arizona Court of Appeals held that "A judgment lien obtained pursuant to A.R.S. § 33-964 does not extend to property on which a homestead declaration has been filed." The court's extensive and careful statutory analysis provided three reasons for this conclusion. First, the statutes defining execution procedures provided a method for reaching the excess value over the homestead, which is not found in the statute that creates judgment liens, and those execution procedures provide the *only* method for reaching that excess value.[12] Second, both the judgment lien statute and the homestead exemption statute reflect a "deliberate choice to maintain the special status granted to *property* claimed as a homestead,"[13] not just the equity value. The court found that the "language used in the statutes relating to homesteads and the homestead exemption . . . consistently suggested that "homestead was a unit of property and not

---

[11] *Evans v. Young*, 135 Ariz. 447, 661 P.2d 1148, 1154 (App. Div. 1 1983); *see also Grand Real Estate, Inc. v. Sirignano*, 676 P.2d 642, 647 (App. 1983)("a judgment lien . . . does not extend to homestead property. If the value of the homestead property exceeds the value of the homestead exemptions over and above the lien and encumbrances, . . . the property is subject to execution pursuant to A.R.S. § 33-1105).

[12] *Id.* at 1150-52.

[13] *Id.* at 1152 (emphasis in original).

1 a severable dollar amount."[14] Finally, the court concluded that A.R.S. § 33-964 "clearly
2 provided that no judgment lien could attach to property claimed as a homestead, and therefore it
3 was not possible to hold the excess value of the homestead subject to the judgment lien."[15]
4 Because the court did not find another provision in the Arizona Revised Statutes that allowed a
5 judgment lien to attach to homestead property, the court concluded the A.R.S. § 33-964
6 specifically prevents a recorded judgment from attaching to homestead property.

7 The *Evans* court also concluded that its result was compelled by a 1922 decision to the
8 same effect by the Arizona Supreme Court.[16] Not surprisingly, since Arizona law controls the
9 question, the Ninth Circuit Bankruptcy Appellate Panel had reached the same conclusion the
10 year prior to the *Evans* decision.[17]

11 Porsche correctly argues that both the homestead and the judgment lien statutes have
12 been amended since the *Evans* decision. Some of these changes have been substantial but did
13 not necessarily affect the analysis or the result. For example, whereas there used to be an
14 appraisal procedure for determining when an execution should be allowed to proceed against
15 homestead property, the statute now simply prohibits the sheriff from accepting a bid at the sale
16 unless it exceeds the consensual liens plus the amount of the homestead exemption.[18] But the
17 only statutory amendment that might affect the *Evans* analysis was the addition of the initial
18 "except" clause to the beginning of A.R.S. § 33-963(B), "[e]xcept as provided in section 33-
19 1103." Porsche argues that the addition of the qualifier "except as provided in section 33-1103"



---

[14] *Id.*

[15] *Id.*

[16] *Union Oil Co. of Ariz. v. Norton Morgan Commercial Co.,* 23 Ariz. 236, 202 P. 1077 (1922).

[17] *Charles v. Carter Shields, Inc. (In re Charles)*, 25 B.R. 331 (9th Cir. BAP 1982).

[18] A.R.S. § 33-1105. Notably, the current statute authorizes a judicial sale of homestead property when a sufficient bid is received but makes no reference to either a judicial lien or the foreclosure of a judicial lien against such property.

refers specifically to § 33-1103(a)(4)[19] and allows a recorded judgment to become a lien on homestead property if the debtors' equity in their homestead exceeds the homestead exemption.

But as noted above, a plain language reading of the revised § 33-964(B) reveals that this provision still does not create any judgment liens. Judgment liens are only created by § 33-964(A), which contains no exception to the prohibition of any such liens on homestead property. And, as noted above, Porsche's reading of the effect of the introductory clause of the first sentence of paragraph B would render it contradictory not only to paragraph A but also with the second sentence of paragraph B.

More importantly, however, the statutory amendment has no effect on the analysis or reasoning of *Evans.* It remains the case that both the homestead statute and the judgment lien statute both conceive of the "homestead" as being the real property, not the equity value of such real property. So when A.R.S. § 33-964(A) and (B) both prohibit judgment liens from attaching to "homestead property," they mean the lien does not attach to the real property, regardless of its value. It would have taken far more extensive amendments to both the homestead statute and the judgment lien statute to change that interpretation of those statutes as clearly held in *Evans.* It also remains the case that there remains another method (in A.R.S. § 33-1105) for a judgment creditor to reach the value in excess of the homestead value cap, not by obtaining and foreclosing a judgment lien but rather by requiring an execution sale and obtaining a bid in excess of the consensual liens and the homestead amount. And finally it remains the case that the judgment lien statute still does not expressly permit a judgment lien to attach to property claimed as a homestead, but merely contains an oblique cross reference in an exception to the exception to the statute that creates judgment liens.

Perhaps it remains to consider what purpose is served by the statutory amendment that added that cross reference to A.R.S. § 33-964(B). According to the historical and statutory note in the Arizona Revised Statute, that cross reference was added by Chapter 194 of the Laws of 2007. The cross reference is to A.R.S. § 33-1103, which according to the same authority was

---

[19] This subparagraph had been added to § 33-1103 by an amendment in 1983, and was then designated subparagraph (3).

also amended by that same Chapter 194 of the Laws of 2007. That amendment to § 33-1103 added a new paragraph 3, which created a new exception from the homestead for "a lien for child support arrearages or spousal maintenance arrearages," expressly including an "arrearage [that] has been reduced to judgment." Thus it is logical to conclude that the exception in § 33-964(B) was added to avoid any conflict with this new exception to the homestead statute, so that there would be no doubt that a judgment lien could be created against homestead property when the judgment is for child support or spousal maintenance arrearages. In other words, the cross reference refers to § 33-1103(a)(3), rather than to § 33-1103(a)(4) as Porsche argues.

But because the revisions in A.R.S. § 33-964 do not create a judgment lien on homestead property in § 33-964(A), and do not change the *Evans'* analysis that it is the *property* that is the homestead, not its value,[20] the holdings in *Evans* and *Charles* remain the law today. Thus, under the holding in *Evans*, Porsche's recorded judgment does not constitute a lien on the real property that these debtors claim as a homestead.

It should be noted, however, as the *Evans* court noted over a quarter of a century ago,[21] that this decision is neither a loss for diligent judgment creditors nor an expansion of the homestead exemption for debtors. A judgment creditor who suspects there is excess equity in a debtor's homestead can still protect itself by forcing an execution sale under A.R.S. § 33-1105 before the debtor files bankruptcy. Judgment creditors are merely denied the special and convenient remedy of obtaining a lien against the homestead and waiting for their collection to fall into their laps when their debtor has to sell or refinance. And debtors neither expand their homestead protection nor escape from such creditors' remedies by filing bankruptcy. In a chapter 7 bankruptcy the trustee will sell the property if its value exceeds the consensual liens and the homestead, and distribute that excess value to creditors. In a chapter 11 or 13

---

[20] Indeed, it would be difficult to conceive how real property law would recognize a real property lien that attaches not to real property but to some inchoate and ever-changing value of such property, which in any event would probably be regarded as a personal property interest rather than a real property interest.

[21] 661 P.2d at 1154.

| | |
|---|---|
| 1 | bankruptcy, the debtor's plan must provide for that same excess value to be paid to creditors |
| 2 | under the respective "best interests" tests.[22] And if a debtor fails to confirm or perform such |
| 3 | plan, the debt will not have been discharged[23] so the creditor can again obtain collection through |
| 4 | the execution sale pursuant to A.R.S. § 33-1105. |

**III.    Conclusion.**

Porsche's recorded judgment does not constitute a lien on the debtors' real property claimed as a homestead. Because it is not a lien at all, it is not a lien that impairs the debtors' homestead that can be avoided pursuant to Code § 522(f). The debtors' motion to avoid this nonexistent lien is therefore denied.

DATED AND SIGNED ABOVE



---

[22] Code §§ 1129(a)(7) & 1325(a)(4).

[23] Code §§ 1141(d)(5) & 1328 (debts are not discharged in individual cases until the completion of all payments under a plan, and even hardship discharges are not granted unless the amount distributed exceeds the amount that would have been distributed in a chapter 7 case).